UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VALTIERRA and OFELIA VALTIERRA,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., FKA WACHOVIA MORTGAGE, CAL-WESTERN RECONVEYANCE CORPORATION, WACHOVIA MORTGAGE FS, and 10 JOHN DOES,<br><br>    Defendants. | CIV-F-10-1455 AWI GSA<br><br>ORDER RE: MOTION TO DISMISS |

Defendant Wells Fargo has filed a motion to dismiss Plaintiffs' claims.  Plaintiffs oppose the motion.  Based on the analysis contained herein, the motion to dismiss is granted with leave to amend.  Plaintiffs are also put on notice that there is no proof that Defendant Cal-Western has been served.

## I. History[1]

On June 21, 2006, Plaintiffs Rafael and Ofelia Valtierra ("Plaintiffs"), obtained a $488,000 mortgage from World Savings Bank, FSB ("World Savings") which through a number

---

[1]The factual history is provided for background; the assertions contained therein are not necessarily taken as adjudged to be true.  The legally relevant facts relied upon by the court are discussed within the analysis.

1

of corporate changes has become Defendant Wells Fargo Bank, N.A. ("Wells Fargo").  The loan was secured by a Deed of Trust against 1921 Katherine Court, Turlock, CA, which was recorded on July 5, 2006.  The Deed of Trust named Plaintiff and Ofelia Valtierra as trustors, World Savings as beneficiary, and third party Golden West Savings Association Services Company as trustee.  Plaintiff fell behind on payments, and a Notice of Default was recorded on August 3, 2009 by Defendant Cal-Western Reconveyance Corporation ("Cal-Western").  A Notice of Trustee Sale was recorded on November 5, 2009 setting a public auction for November 24, 2009; this document named Cal-Western as the trustee.  The sale took place on March 8, 2010.  Wells Fargo was the high bidder at $327,930.00; the outstanding amount Plaintiff owed on the mortgage had ballooned to $559,109.93.  A Trustee's Deed upon Sale was recorded on March 16, 2010, in which Cal-Western conveyed the property to Wells Fargo.  At an unspecified date, Wells Fargo sent Plaintiff written notice of a program whereby Plaintiff had until April 30, 2010 to conduct a short sale.  It is unclear what communications occurred between the parties concerning this program prior to the trustee sale.

The origin of this case is not altogether clear.  Wells Fargo filed a suit against Plaintiffs on April 2, 2010 in Stanislaus County Superior Court for unlawful detainer of the property ("State Case").  Summary judgment was granted in favor of Wells Fargo on June 24, 2010.  Plaintiffs received an order to stay eviction proceedings on July 14, 2010, but were ultimately evicted on August 17, 2010.  Plaintiffs filed a notice of removal with the Stanislaus County Superior Court on August 11, 2010.  However, no notice of removal was filed in federal district court.  Instead, Plaintiffs (proceeding pro se) filed the present complaint in federal district court.  Plaintiffs allege that they contacted Wells Fargo in November 2008 to formally dispute the mortgage, but that Wells Fargo and Cal-Western has continued to try to collect on the debt notwithstanding the dispute.  The complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") for seeking to collect on a debt without first verifying or validating it and violations of the Fair Credit Reporting Act ("FCRA") for passing erroneous information to credit reporting agencies. Doc. 1.  The complaint does not directly address Wells Fargo's unlawful detainer claim.  Nonetheless, Plaintiffs filed a "notice of contempt of federal

1    jurisdiction" and a motion for a temporary restraining order. Docs. 4 and 5.  Both dealt with

2    Wells Fargo's unlawful detainer claim and sought to reverse the eviction.  The request was

3    denied. Doc. 11.  Wells Fargo has filed a motion to dismiss. Doc. 9.  Plaintiffs have opposed the

4    motion. Doc. 13.  The matter was taken under submission without oral argument.  There has been

5    no appearance by Cal-Western in this case.

6        In a related case, Rafael Valtierra (represented by counsel) filed suit against Wells Fargo

7    on April 13, 2010 in Stanislaus County Superior Court.  Wells Fargo removed the case to federal

8    district court based on diversity jurisdiction on May 14, 2010; it is Civil Case No. 10-0849.  The

9    operative complaint lists seven causes of action: 1) general violations of Cal. Bus. & Prof. Code

10   §17200, 2) fraud by representing that Rafael Valtierra had until April 30, 2010 to conduct a short

11   sale, 3) to set aside a trustee's deed, 4) wrongful foreclosure, 5) violation of the Truth In Lending

12   Act, 6) fraud by initially overestimating the value of the property, and 7) violation of Cal Bus. &

13   Prof. Code §17200 by initially overestimating the value of the property.

14

15                              **II. Legal Standards**

16       Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the

17   plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule

18   12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient

19   facts alleged under a cognizable legal theory. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir.

20   2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

21   factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

22   requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

23   of action will not do. Factual allegations must be enough to raise a right to relief above the

24   speculative level, on the assumption that all the allegations in the complaint are true (even if

25   doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that

26   actual proof of those facts is improbable" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56

27   (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a

28   motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the

                                      **3**

Court of Appeals observed, be a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense. But where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it

has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950

(2009), citations omitted.  The court is not required "to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden

State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general

allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l

Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957),

overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is

whether there is any set of "facts that could be proved consistent with the allegations of the

complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S.

506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts

which [they have] not alleged, or that the defendants have violated...laws in ways that have not

been alleged." Associated General Contractors of California, Inc. v. California State Council of

Carpenters, 459 U.S. 519, 526 (1983).

        In deciding whether to dismiss a claim under Fed. Rule Civ. Proc. 12(b)(6), the Court is

generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a

court may consider material which is properly submitted as part of the complaint on a motion to

dismiss...If the documents are not physically attached to the complaint, they may be considered if

the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on

them. Second, under Fed. Rule Evid. 201, a court may take judicial notice of matters of public

record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.

The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine,

which permits us to take into account documents whose contents are alleged in a complaint and

whose authenticity no party questions, but which are not physically attached to the plaintiff's

pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court

may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in

1  opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers

2  should be considered by the court in determining whether to grant leave to amend or to dismiss

3  the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

4  2003), citations omitted.

5          If a Fed. Rule Civ. Proc. 12(b)(6) motion to dismiss is granted, claims may be dismissed

6  with or without prejudice, and with or without leave to amend.  "[A] district court should grant

7  leave to amend even if no request to amend the pleading was made, unless it determines that the

8  pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d

9  1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir.

10  1995).  In other words, leave to amend need not be granted when amendment would be futile.

11  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

12

13                                      **III. Discussion**

14  **A. Res Judicata**

15          Wells Fargo argues that the FDCPA and FCRA claims are barred under the doctrine of

16  res judicata, specifically "title and possession to the subject property were already litigated

17  between these parties in two state court actions: (1) the action filed by plaintiffs in April [2010];

18  and (2) the unlawful detainer action filed by [Wells Fargo]." Doc. 9, Brief, at 4:6-8.  The

19  preclusive effect of a state court judgement is determined by that state's rules of preclusion.

20  Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 81 (1984).  Under California

21  law, "a party will be collaterally estopped from relitigating  an issue only if (1) the issue decided

22  in a prior adjudication is identical with that presented in the action in question; and (2) there was

23  a final judgment on the merits; and (3) the party against whom the plea is asserted was a party or

24  in privity with a party to the prior adjudication." Clemmer v. Hartford Ins. Co., 22 Cal. 3d 865,

25  874 (Cal. 1978), citations omitted.

26          Neither of the cases Wells Fargo refers to satisfies all three requirements.  The "action

27  filed by plaintiff in April [2010]" is ongoing as the related Civil Case No. 10-0849; there has

28  been no final judgment on the merits.  The unlawful detainer action did not deal with the

1   identical issues at hand.  Wells Fargo cites to a California Supreme Court case for the proposition

2   that a "'full and fair' litigation of an affirmative defense -- even one not ordinarily cognizable in

3   unlawful detainer, if it is raised without objection, and if a fair opportunity to litigate is provided

4   -- will result in a judgment conclusive upon issues material to that defense. In a summary

5   proceeding such circumstances are uncommon." Vella v. Hudgins, 20 Cal. 3d 251, 256-57 (Cal.

6   1977).  The ultimate disposition of the opinion was that res judicata did not apply as there was

7   only a limited examination of the affirmative defense: "Matters affecting the validity of the trust

8   deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly

9   raised in this summary proceeding for possession, nor are they concluded by the judgment."

10  Vella v. Hudgins, 20 Cal. 3d 251, 257 (Cal. 1977), quoting Cheney v. Trauzettel, 9 Cal.2d 158,

11  160 (Cal. 1937).  In the present case, Wells Fargo has provided a brief filed on July 2, 2010, by

12  Plaintiffs' attorney in Civil Case No. 10-0849 that sought to consolidate the State Case with Civil

13  Case No. 10-0849 on the basis that, "The core legal question in both actions involves fraud in

14  [Wells Fargo's] acquisition of the title to Plaintiff's property." Doc. 10, Ex. O, at 4:17-18.  Wells

15  Fargo does not actually provide the court's ruling on the motion and there is no indication what

16  formed the basis of that decision.  As Wells Fargo points out, at the time the motion to

17  consolidate was made, Civil Case No 10-0849 had already been removed to federal court while

18  the state case was in Stanislaus County Superior Court; consolidation would not have possible.

19  From the fragmentary facts provided, it is evident that there was no full and fair opportunity to

20  litigate the defense.

21

22  **B. Fair Debt Collection Practices Act**

23      Plaintiffs allege, "Although Defendants after having been noticed of the dispute or

24  challenge to the validity of the debt in November of 2008, Defendants have never ceased

25  collection actions. To date, Defendants have failed to verify or validate the alleged debt as it

26  obligates Plaintiffs, in violation of the FDCPA." Doc. 1, Complaint, at 4.  Plaintiffs appear to

27  refer to the requirement that, "If the consumer notifies the debt collector in writing within [thirty

28  days after debt collector provides a formal written notice of the amount of debt and who the debt

**6**

1   is owed to] that the debt, or any portion thereof, is disputed, or that the consumer requests the

2   name and address of the original creditor, the debt collector shall cease collection of the debt, or

3   any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a

4   judgment, or the name and address of the original creditor, and a copy of such verification or

5   judgment, or name and address of the original creditor, is mailed to the consumer by the debt

6   collector." 15 U.S.C. §1692g(b).

7           Plaintiffs' allegations fall short of stating a claim for a number of reasons which Wells

8   Fargo points out. First, "The term 'debt collector' means any person who uses any

9   instrumentality of interstate commerce or the mails in any business the principal purpose of

10  which is the collection of any debts, or who regularly collects or attempts to collect, directly or

11  indirectly, *debts owed or due or asserted to be owed or due another*....the term includes any

12  creditor who, in the process of collecting his own debts, uses any name other than his own which

13  would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C.

14  §1692a(6), emphasis added. Wells Fargo is collecting on a debt owed to itself, not collecting on

15  a debt owed to another. Thus, Wells Fargo is not a "debt collector" within the meaning of the

16  FDCPA. See Herrera v. LCS Fin. Servs. Corp., 2009 U.S. Dist. LEXIS 122775, *6-7 n.1 (N.D.

17  Cal. Dec. 22, 2009); Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009) ("a

18  'creditor' is not a 'debt collector' under the FDCPA"). Plaintiffs have not alleged that Wells

19  Fargo has used any other name in its communications which might suggest a third party is

20  attempting to collect on the debt. Second, Plaintiffs have not alleged that they disputed the debt

21  in writing within the thirty day window. Third, the applicable statute of limitations is one year:

22  "An action to enforce any liability created by this title may be brought in any appropriate United

23  States district court without regard to the amount in controversy, or in any other court of

24  competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C.

25  §1692k(d). Plaintiffs allege that they disputed the debt in November 2008 and Wells Fargo

26  violated the FDCPA in that month. Plaintiffs did not bring this claim until August 12, 2010, well

27  after the expiration of the one year limitations.

28

**C. Fair Credit Reporting Act**

Plaintiffs allege "The Defendants are in violation of the [FCRA] as follows: A. Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for over 20 months. B. Continually updating the Plaintiffs' credit reports for over 20 months with this erroneous and inaccurate information." According to the FCRA, section 623. Responsibilities of furnishers of information to consumer reporting agencies." Doc. 1, Complaint, at 4-5.  Section 623 of the FCRA is codified as 15 U.S.C. §1681s-2, which is entitled "responsibilities of furnishers of information to consumer reporting agencies."  These duties are split into two parts: subsection (a) describes the "Duty of furnishers of information to provide accurate information" while subsection (b) lists duties that apply "After receiving notice pursuant to section 611(a)(2) [from credit reporting agency] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. §1681s-2.  Subsection (c) then states that "Except as provided in section 621(c)(1)(B), section 616 [15 U.S.C. §1681n] and 617 do not apply to any violation of (1) subsection (a) of this section, including any regulations issued thereunder." 15 U.S.C. §1681s-2.  Plaintiffs have not alleged that any credit reporting agency has given Wells Fargo a section 611(a)(2) notice of a dispute, so subsection (b) does not apply.  Plaintiffs appear to be alleging that Wells Fargo provided inaccurate information to the credit reporting agencies in violation of subsection (a). "The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. §§1681n & o. However, §1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a [credit reporting agency]. Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009), citations omitted.  As plead, Plaintiffs do not state a claim.

**D. Service on Cal-Western**

Plaintiffs filed this suit on August 12, 2010.  The clerk's office issued Plaintiffs summons to be served on Wells Fargo and Cal-Western. Doc. 2.  While Wells Fargo has filed a motion to

dismiss, Cal-Western has not made any appearance in this case.  Plaintiff has not provided proof that Cal-Western has been served; no filing reflects the execution of the summons.  Fed. Rule Civ. Proc. 4(m) states, "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Plaintiff must either provide proof that Cal-Western has been served or explain the delay.

### IV. Order

Plaintiffs' complaint is DISMISSED with leave to amend.  Plaintiffs must file an amended complaint within thirty (30) days of the filing of this order.  Plaintiffs must also provide either  proof that Cal-Western has been served or a written explanation for the delay within thirty (30) days.

IT IS SO ORDERED.

Dated:   February 8, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE