# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VALTIERRA and OFELIA VALTIERRA, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., FKA WACHOVIA MORTGAGE, CAL-WESTERN RECONVEYANCE CORPORATION, WACHOVIA MORTGAGE FS, and 10 JOHN DOES, <br><br> Defendants. | CIV-F-10-1455 AWI GSA <br><br> ORDER DISMISSING CASE |

## I. History

On June 21, 2006, Plaintiffs Rafael and Ofelia Valtierra ("Plaintiffs"), obtained a $488,000 mortgage from World Savings Bank, FSB ("World Savings") which through a number of corporate changes has become Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The loan was secured by a Deed of Trust against 1921 Katherine Court, Turlock, CA, which was recorded on July 5, 2006. The Deed of Trust named Plaintiffs as trustors, World Savings as beneficiary, and third party Golden West Savings Association Services Company as trustee. Plaintiff fell behind on payments, and a Notice of Default was recorded on August 3, 2009 by Defendant Cal-Western Reconveyance Corporation ("Cal-Western"). A Notice of Trustee Sale was recorded on November 5, 2009 setting a public auction for November 24, 2009; this document named Cal-Western as the trustee. The sale took place on March 8, 2010. Wells Fargo was the high bidder

at $327,930.00; the outstanding amount Plaintiff owed on the mortgage had ballooned to $559,109.93.  A Trustee's Deed upon Sale was recorded on March 16, 2010, in which Cal-Western conveyed the property to Wells Fargo.  At an unspecified date, Wells Fargo sent Plaintiff written notice of a program whereby Plaintiff had until April 30, 2010 to conduct a short sale.  It is unclear what communications occurred between the parties concerning this program prior to the trustee sale.

The origin of this case is not altogether clear.  Wells Fargo filed a suit against Plaintiffs on April 2, 2010 in Stanislaus County Superior Court for unlawful detainer of the property.  Summary judgment was granted in favor of Wells Fargo on June 24, 2010.  Plaintiffs received an order to stay eviction proceedings on July 14, 2010, but were ultimately evicted on August 17, 2010.  Plaintiffs filed a notice of removal with the Stanislaus County Superior Court on August 11, 2010.  However, no notice of removal was filed in federal district court.  Instead, Plaintiffs (proceeding pro se) filed a complaint in federal district court.  Plaintiffs allege that they contacted Wells Fargo in November 2008 to formally dispute the mortgage, but that Wells Fargo and Cal-Western has continued to try to collect on the debt notwithstanding the dispute.  The complaint alleged violations of the Fair Debt Collection Practices Act for seeking to collect on a debt without first verifying or validating it and violations of the Fair Credit Reporting Act for passing erroneous information to credit reporting agencies. Doc. 1.  The complaint did not directly address Wells Fargo's unlawful detainer claim.  Nonetheless, Plaintiffs filed a "notice of contempt of federal jurisdiction" and a motion for a temporary restraining order. Docs. 4 and 5.  Both dealt with Wells Fargo's unlawful detainer claim and sought to reverse the eviction.  Wells Fargo filed a motion to dismiss. Doc. 9.  As far as can be determined from the docket, Cal-Western has not been served in this case.  Plaintiffs' request was denied. Doc. 11.  Wells Fargo's motion was granted. Doc. 16.  Plaintiffs were granted leave to amend; they were given until March 14, 2011 to file an amended complaint and explain why Cal-Western has not been  served.  Plaintiffs have neither filed an amended complaint nor elaborated on Cal-Western's service.  On May 11, 2011, the court issued an order to show cause why the case should not be dismissed for lack of prosecution, requiring a written response by May 26, 2011. Doc. 18.  Again, the deadline

has passed and Plaintiffs remain silent.

## II. Legal Standards

A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006), quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III. Discussion

Weighing the relevant factors, the court finds dismissal for lack of prosecution appropriate. This suit can not proceed without the participation of Plaintiffs. "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiffs have neither filed an amended complaint nor explained why Cal-Western has not been served despite two court orders directing them to do so. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). In this case, Plaintiffs have provided no explanation for the lack of prosecution. There is no active complaint. Dealing with the case on its merits is impossible without the cooperation of Plaintiffs.

**IV. Order**

Accordingly, this action is DISMISSED with prejudice for Plaintiff's failure to prosecute. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   June 2, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE